UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE E. HAGGERTY, | No. 2:23-cv-2943 CKD P |
| Plaintiff, | |
| v. | ORDER |
| ROB ST. ANDRE, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On January 2, 2024, the court screened plaintiff's complaint as the court is required to do under 28 U.S.C. § 1915A(a). The complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

The court has reviewed plaintiff's amended complaint. The only claim upon which plaintiff might proceed concerns correctional officers failing to intervene as plaintiff was attacked by other inmates. However, plaintiff does not identify any of the officers. This being the case

this action cannot proceed as no defendant can be served with process.  Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal's Service.  For service to be successful, the Marshal must be able to identify and locate defendants. As a result, the complaint cannot be served at the present time.

Good cause appearing, the court will dismiss plaintiff's amended complaint with leave to amend so he can provide the names of the persons who stood by while he was attacked, if such names can be provided.

As to the rest of the contents of plaintiff's amended complaint, the allegations of conspiracy and retaliation are vague.  The court cannot discern any basis for correctional officers conspiring against or retaliating against plaintiff and plaintiff does not point to any actionable injury suffered as a result of the suggested conspiracy and retaliation.  In any second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his second amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  As with plaintiff's original complaint, the only defendant identified in plaintiff's amended complaint is High Desert State Prison Warden Rob St. Andre.  But plaintiff fails to allege any facts suggesting Warden St. Andre was involved in a violation of federal law.

Finally, plaintiff is informed that the court cannot refer to a prior pleading to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

1  of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must bear
2  the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure
3  to file a second amended complaint in accordance with this order will result in a recommendation
4  that this action be dismissed.

5  Dated:  September 26, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hagg2943.14(2)