UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE E. HAGGERTY,<br><br>             Plaintiff,<br><br>      v.<br><br>ROB ST. ANDRE,<br><br>             Defendant. | No. 2:23-cv-02943-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on *pro se* Plaintiff Lee E. Haggerty's ("Plaintiff") Motion for Reconsideration. (ECF No. 25.) Plaintiff also requests the Court appoint counsel. (*Id.*) For the reasons set forth below, the Court DENIES Plaintiff's motion and request.

///

///

///

///

///

///

///

1

Plaintiff filed this action on December 15, 2023. (ECF No. 1.) On January 2, 2024, the Court dismissed Plaintiff's Complaint with leave to amend. (ECF No. 9.) Following two motions for an extension of time, which this Court granted, Plaintiff filed a First Amended Complaint ("FAC") on March 4, 2024. (ECF Nos. 14–18.) On September 27, 2024, the Court dismissed Plaintiff's FAC with leave to amend. (ECF No. 19.) Plaintiff filed a request for an extension of time, which was granted making the amended complaint due December 16, 2024. (ECF No. 20, 21.) However, Plaintiff never submitted an amended complaint. On January 3, 2025, following Plaintiff's continued inaction, the assigned magistrate judge recommended the case be dismissed. (ECF No. 22.) No objections were filed and on February 13, 2025, this Court adopted the findings and recommendations and dismissed the case without prejudice. (ECF No. 23.) Judgment was entered the same day. (ECF No. 24.) Approximately two months later, Plaintiff filed the instant Motion for Reconsideration. (ECF No. 25.)

Federal Rule of Civil Procedure ("Rule") 60(b) allows a district court to relieve a party from a final judgment or order for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The moving party must demonstrate "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control[.]" *Id.* Additionally, Local Rule 230(j) requires a motion for reconsideration to state, "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)–(4).

Here, Plaintiff has failed to demonstrate he is entitled to relief. Plaintiff contends he requires an "Americans with Disabilities Act worker" ("ADA worker") to assist him with his filings and receiving help has been difficult given the ADA worker's hours do not coincide with the law library's hours. (ECF No. 25 at 2–3.) However, Plaintiff does not explain how these

2

1  circumstances are new or different from the circumstances that existed prior to the dismissal of
2  this case.  *See* E.D. Cal. L.R. 230(j)(3)–(4).  Moreover, Plaintiff had previously been able to
3  timely file requests for extensions of time and a FAC under the same circumstances.  (*See, e.g.*,
4  ECF Nos. 18, 20.)
5       Given this, the Court finds no sufficient reason to justify reopening this closed action.
6  Accordingly, the Court DENIES Plaintiff's motion for reconsideration.  Plaintiff's request for
7  counsel is DENIED as moot.
8       IT IS SO ORDERED.
9  Date: May 27, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE